

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-2007

# Albrecht v. Hamilton

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4313

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Albrecht v. Hamilton" (2007). *2007 Decisions.* Paper 1200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-195**                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4313
_____

JERALD D. ALBRECHT,

Appellant,

v.

DAVID HAMILTON; VERNON CLASH

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 06-cv-00066)
District Judge:  Honorable Mary L. Cooper

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Possible
Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2007

Before: RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed: April 26, 2007)
_____

OPINION
_____


PER CURIAM

Jerald Albrecht, a New Jersey state prisoner proceeding <u>pro se</u>, appeals from the

District Court's dismissal of his complaint for failure to state a claim upon which relief

may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii), and the District Court's denial of his motion to reconsider its dismissal order. For the reasons set forth below, we will summarily affirm the District Court's order. See I.O.P. 10.6.

Albrecht is, and at all relevant times was, incarcerated at the New Jersey State Prison in Trenton, New Jersey. In January 2006, Albrecht filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court against David Hamilton, a New Jersey public defender appointed to represent him in post-conviction proceedings, and Vernon Clash, the Chief Deputy Public Defender at that time. In the complaint, Albrecht alleged that Hamilton and Clash conspired to withdraw his application for post-conviction relief ("PCR") in retaliation for Albrecht's having filed a grievance against Hamilton with the Office of Attorney Ethics. Specifically, Albrecht claimed that Hamilton refused to investigate his claims or interview witnesses for the evidentiary hearing on his PCR petition, failed to file a brief in support of the petition, and ignored his phone calls. With respect to defendant Clash, Albrecht alleged that even though Clash was never formally appointed as his counsel, Clash stepped in to withdraw his PCR petition from the state court without Albrecht's consent or knowledge.[1]

On January 27, 2006, the District Court, carrying out its obligation to screen

---

[1]According to Albrecht, on December 3, 2004, the Superior Court of New Jersey, Appellate Division held that Albrecht was denied ineffective assistance of counsel during the PCR proceedings, and remanded his case to the trial court. Albrecht does not indicate the current status of his petition for post-conviction relief.

Albrecht's complaint under 28 U.S.C. § 1915A, entered an order dismissing Albrecht's action under § 1983 for failure to state claim upon which relief could be granted.[2] See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the District Court held that Hamilton and Clash were not "state actors" within the meaning of Section 1983. See Polk County v. Dodson, 454 U.S. 312, 318 (1981) (holding that a public defender performing the traditional functions of counsel to a criminal defendant is not a state actor for § 1983 purposes). Thereafter, Albrecht filed a timely motion for reconsideration, which the District Court denied on September 18, 2006. Albrecht then filed a notice of appeal with the District Court seeking to appeal the Court's January 27 and October 20, 2006 orders.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). After a careful review of the record, we conclude that the appeal presents "no substantial question" under Third Circuit LAR 27.4 and I.O.P. 10.6 and will, therefore, summarily affirm the District Court's order dismissing Albrecht's complaint.

We agree with the District Court that Albrecht failed to state a claim under 42

---

[2]In the complaint, Albrecht also asserted several claims under New Jersey law. Specifically, Albrecht alleged that defendants violated the New Jersey Civil Rights Act, that they committed legal malpractice, and that they are liable for intentional and negligent infliction of extreme emotional distress. In its January 27, 2006 order, the District Court noted that Albrecht's complaint may allege facts sufficient to state a legal malpractice claim under New Jersey law. However, in light of the Court's dismissal of Albrecht's federal claims, the Court permissibly declined to exercise jurisdiction over the state law claims, see 28 U.S.C. § 1367(c)(3), and dismissed those claims without prejudice to Albrecht's right to bring them in state court.

U.S.C. § 1983. In order to establish a violation of 42 U.S.C. § 1983, a plaintiff "must demonstrate that the conduct complained of was committed by a person acting under state law and that the conduct deprived him of rights, privileges or immunities secured by the Constitution." Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994) (internal citations omitted). "The deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person who may fairly be said to be a state actor." Lugar v. Edmonson Oil Co., 487 U.S. 42, 49 (1988). This requirement means that the defendant must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." West v. Atkins, 487 U.S. 42, 49 (1988) (quoting U.S. v. Classic, 313 U.S. 299 (1941)). It is well established that a defense attorney, whether privately retained, court-appointed, or employed as a public defender, does not act under color of state law for purposes of section 1983 when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. Polk County, 454 U.S. at 318; Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).

In a motion for reconsideration, Albrecht argued that his allegations establish a claim under the "administrative action" exception identified in Polk County. See id. at 325 ("It may be . . . that a public defender also would act under color of state law while performing certain administrative and possibly investigative functions"); see also Miranda v. Clark County, Nevada, 319 F.3d 465, 469 (9th Cir. 2003) (holding that a public

4

defender acts under color of state law when he performs administrative functions such as allocating resources and determining department policies).  Contrary to Albrecht's contention, however, the allegations in the complaint pertain solely to defendants' actions as litigators in a particular case, and do not relate to their roles as administrators of a government office.  Therefore, the "administrative action" exception to Polk does not apply to the defendants' conduct here.

Albrecht also argued in his motion for reconsideration that his complaint establishes a claim under a second "exception" to Polk County which allows a public defender to be sued under section 1983 if he conspires with a state actor such as a judge or a state prosecutor.  See Tower v. Glover, 467 U.S. 914, 916 (1984) (holding that although appointed counsel does not act "under color of state law" in the normal course of conducting a defense, counsel does act "under color of state law" within the meaning of section 1983 when engaged in conspiracy with state officials to deprive the defendant of federal rights).  According to Albrecht, he stated a proper claim pursuant to Tower when he alleged in the complaint that Hamilton and Clash conspired with the state's prosecutor to deprive him of his right to access the state courts to seek post-conviction relief.

The complaint, however, does not sufficiently allege a conspiracy claim.  Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must include "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's

5

claim is and the grounds upon which it rests." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, a "plaintiff should plead basic facts, such as they are, for those are 'the grounds' upon which the plaintiff's claim rests." In re Tower Air, Inc., 416 F.3d 229, 237 (3d Cir. 2005). Albrecht, however, fails to plead even "basic facts" in support of his allegation that the prosecutor worked "in collusion" with the defendants. Albrecht does not suggest that the prosecutor entered into an agreement with the defense, nor does he allege any facts from which we can infer that the prosecution shared the defendants' motivation to deprive him of his constitutional rights. Rather, the complaint contains only a general averment of conspiracy amounting to nothing more than a conclusion of law. The prosecution's participation in the case does not by itself, of course, support the existence of any conspiracy. Thus, the complaint clearly fails to give the defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Accordingly, Albrecht's complaint fails to sufficiently allege that Hamilton and Clash conspired with a state actor so as to state a claim under Tower.[3]

For the foregoing reasons, we agree with the District Court that Albrecht failed to

---

[3]Albrecht also argues in his motion for reconsideration that, to the extent that he failed to plead his conspiracy claim with sufficient particularity, the District Court should have given him an opportunity to amend the complaint before dismissing it. We find no error because any amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2003). Notably, Albrecht's motion for reconsideration contained no allegations that would be sufficient to state a claim.

6

state a claim upon which relief may be granted.  Accordingly, as there is no substantial question presented by this appeal, we will summarily affirm.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.